United States Court of Appeals,

Fifth Circuit.

No. 95-40853

Summary Calendar.

Moises Orosco JIMENEZ, Petitioner-Appellant,

v.

E.M. TROMINSKI, Respondent-Appellee.

Aug. 15, 1996.

Appeal from the United States District Court for the Southern District of Texas.

Before POLITZ, Chief Judge, and DUHÉ and PARKER, Circuit Judges.

POLITZ, Chief Judge:

Moises Orosco Jimenez appeals the district court's grant of summary judgment denying his petition for the writ of *coram nobis* and *audita querela.* For the reasons assigned, we affirm.

*Background*

In March 1992 the Board of Immigration Appeals entered a final decision in the deportation proceedings against Jimenez, who conceded deportability during his hearing before the immigration judge but had sought a waiver. The BIA based its decision on Jimenez's criminal history which includes a 1977 conviction for misprision of a felony, a 1979 conviction for conspiracy to possess cocaine with intent to distribute, and a 1985 conviction for knowingly and intentionally possessing cocaine with intent to distribute.

In April 1992 Jimenez filed a petition for a writ of error *coram nobis* and *audita querela* under the All Writs Act,[1] seeking to vacate his 1979 conviction, alleging that the government possessed information that he was not guilty of this offense. The district court ordered the government to provide Jimenez with "copies of all documents contained in any file of any government

---

[1]28 U.S.C. § 1651.

1

agency ... relating to the matters at issue herein."[2] The district court also enjoined INS from deporting Jimenez.

INS objected, contending that the district court did not have jurisdiction to review the immigration order because Jimenez had not appealed. The government also sought dismissal of the petition for the writ of *coram nobis* and *audita querela* on the grounds that there was no evidence to establish that it had knowledge of any exculpatory evidence.

A magistrate judge issued a report recommending that the government's motions be granted, concluding that the district court did not have jurisdiction to review a final order of deportation and that the summary judgment evidence established no failure of disclosure of exculpatory evidence. Jimenez timely objected to the report and recommendation. The district court conducted a *de novo* review and granted the government's motions. Jimenez timely appeals.

*Analysis*

Jimenez maintains that the district court erred by granting summary judgment. We review the district court's grant of summary judgment *de novo.*[3] Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.[4]

The writ of *coram nobis* is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the criminal conviction, and that the challenged error is of sufficient magnitude to justify the extraordinary relief.[5] This writ will issue only to correct

---

[2]Additionally, Jimenez filed a motion to compel responses to his first set of interrogatories, which the district court granted. The government filed a motion to vacate that order and Jimenez filed an opposition. The district court, however, did not rule on this motion.

[3]*Armstrong v. City of Dallas,* 997 F.2d 62 (5th Cir.1993).

[4]Fed.R.Civ.P. 56(c).

[5]*United States v. Castro,* 26 F.3d 557 (5th Cir.1994).

2

errors resulting in a complete miscarriage of justice.[6] The writ of *audita querela,* if it survives, permits a petitioner to obtain relief against a judgment based on some legal defense arising after the judgment.[7]

Jimenez maintains that the government withheld exculpatory evidence. To state a *Brady*[8] violation the petitioner must show that the prosecution suppressed evidence favorable to the accused which was material to either guilt or punishment.[9] Evidence is material only if there is a reasonable probability that, had it been disclosed to the defense, the result of the proceeding would have been different.[10] A review of the summary judgment record before us reveals no evidence raising a genuine issue of material fact that such *Brady* material was withheld.[11] Further, the record does not reflect a genuine issue of material fact about a legal defense arising, after the entry of judgment, sufficient to justify issuance of the extraordinary writ.[12]

Jimenez asserts that the district court erred by concluding that it did not have jurisdiction to

---

[6]*Id.* This standard is more demanding than the cause and prejudice standard for relief under 28 U.S.C. § 2255. *Id.*

[7]*United States v. Banda,* 1 F.3d 354 (5th Cir.1993).

[8]*Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

[9]*Cordova v. Collins,* 953 F.2d 167 (5th Cir.), *cert. denied,* 502 U.S. 1067, 112 S.Ct. 959, 117 L.Ed.2d 125 (1992).

[10]*Kyles v. Whitley,* --- U.S. ----, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) (citing *United States v. Bagley,* 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985)).

[11]Jimenez complains that the summary judgment record was not complete because there was an outstanding discovery order compelling the government to answer his interrogatories. At no time subsequent to his response to the government's motion to vacate and prior to issuance of the report and recommendation, a time span of more than two years, did Jimenez seek to enforce the court's order. Given this and his failure to assert on appeal how the answers would bear on this case, we reject the claimed assignment of error. Jimenez maintains that the district court improperly relied on the government's summary judgment exhibits because they were not properly authenticated. There was no objection to the report and recommendation; we review for plain error or manifest injustice only. *See Nettles v. Wainwright,* 677 F.2d 404 (5th Cir.1982) (*en banc*). *Nettles* has been overruled prospectively by *Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415 (5th Cir.1996) (*en banc*). Neither plain error nor manifest injustice has been shown herein.

[12]*See United States v. Reyes,* 945 F.2d 862 (5th Cir.1991) (equity cannot support issuance of the writ of *audita querela*).

3

review the final order of deportation. The district court's conclusion that it could not review the order was merely surplusage. Jimenez's petition sought only a stay of deportation until the action *sub judice* was resolved so that he could seek to reopen his deportation proceedings. He has not been deported during the pendency of this action.

The judgment of the district court is AFFIRMED.