**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 02-50053**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**SKIRVIN GEORGE JOHNSON,**

**Defendant-Appellant.**

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-90-CR-191-ALL
--------------------
October 7, 2002

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Skirvin George Johnson appeals the district court's denial of his petition for a writ of coram nobis. Johnson argues that: (1) the evidence was insufficient to support his convictions; (2) the district court judge was prejudiced against him throughout the criminal proceedings, and his order has affected Johnson's right to a fair review in the deportation proceedings; (3) the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court did not make fact findings or provide sufficient reasons for denying his petition for a writ of coram nobis; and (4) the Government knowingly presented false evidence at his trial. Johnson challenged the sufficiency of the evidence to support his convictions in his previous 28 U.S.C. § 2255 motion; the district court denied this motion and this court denied Johnson's motion for a certificate of appealability. Johnson could have raised the other issues in his previous 28 U.S.C. § 2255 motion, but failed to do so. Johnson has not shown that the district court erred in not making fact findings or in not providing sufficient reasons for denying his petition for a writ of coram nobis. Johnson has not shown that any error occurred, much less that the alleged errors were of sufficient magnitude to justify the extraordinary relief of a writ of coram nobis. See 28 U.S.C. § 1651(a); Jimenez v. Trominski, 91 F.3d 767, 768 (5th Cir. 1996). Therefore, he has not shown that the district court erred in denying his petition for a writ of coram nobis. See 28 U.S.C. § 1651(a); Jimenez, 91 F.3d at 768.

**AFFIRMED.**