United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41393
Conference Calendar

_____

JOE HAVEN BEADLES,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:02-CV-546
---------------------

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Joe Haven Beadles, formerly federal prisoner # 04049-078,
appeals the district court's denial of his petition for a writ of
error coram nobis challenging his convictions for conspiracy to
commit mail and wire fraud and for money laundering.  Beadles
argues that the indictment was constructively amended, that the
indictment was insufficient, and that the evidence was
insufficient to support his convictions.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Because Beadles is raising his arguments that the indictment was constructively amended and that it was insufficient for the first time on appeal, we do not address them, except to note that his assertion that the indictment was insufficient was previously rejected in this court's decision affirming the district court's denial of relief under 28 U.S.C. § 2255.  See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999); United States v. Beadles, No. 99-40044 (Dec. 22, 1999) (unpublished). To the extent that Beadles challenges the sufficiency of the evidence to support his convictions, his conclusory arguments, which are not supported by any record evidence, do not establish the exceptional circumstances warranting coram nobis relief.  See Jiminez v. Trominski, 91 F.3d 767, 768 (5th Cir. 1996). Additionally, this issue also was decided against Beadles in the decision affirming the denial of his 28 U.S.C. § 2255 motion. See Beadles, No. 99-40044, slip op. at 2.

AFFIRMED.