# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2008

Charles R. Fulbruge III
Clerk

No. 08-40045
Conference Calendar

EDWARD RAIFSNIDER

Petitioner-Appellant

v.

UNITED STATES OF AMERICA

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:07-CV-959

Before GARZA, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Edward Raifsnider, federal prisoner # 10389-045, appeals the district court's denial of his 28 U.S.C. § 2241 petition. In his petition, Raifsnider, who was convicted of being a felon in possession of firearms and was sentenced to a 180-month term of imprisonment based on his prior violent felony convictions, attacked the constitutionality of 18 U.S.C. § 924(e)(2)(B)(ii). The district court determined that Raifsnider was challenging his conviction and his sentence and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that Raifsnider could not proceed under § 2241 because his claim did not satisfy the savings clause of 28 U.S.C. § 2255(e).

Raifsnider argues that § 2241 can be used to attack the constitutionality of a criminal statute. Here, however, Raifsnider's constitutional challenge is, in effect, an attack on his 15-year mandatory minimum sentence. A motion under § 2255 provides the primary means of "collaterally attacking a federal sentence." Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000).

Raifsnider has not pointed to any retroactively applicable Supreme Court decision that applies to his claim, nor has he shown that his claim was foreclosed by circuit law at the time when it should have been raised. Raifsnider has not met his burden to show that he is entitled to proceed under the savings clause. See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001); see also Padilla v. United States, 416 F.3d 424, 425-26 (5th Cir. 2005).

Raifsnider requests that this court consider his claim pursuant to a writ of audita querela. Because Raifsnider's claim regarding the constitutionality of the statute under which he was sentenced is not a "legal defense arising after judgment," he cannot proceed under a writ of audita querela. See Jimenez v. Trominski, 91 F.3d 767, 768 (5th Cir. 1996).

AFFIRMED.