**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-60380
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

TERRANCE CARVELL GUINN, also known as Terrence Carvell Guinn

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:99-CR-8-1

Before HIGGINBOTHAM, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Terrance Carvell Guinn seeks leave to proceed in forma pauperis (IFP) on appeal from the denial of his writ of error coram nobis challenging his 1999 guilty-plea conviction for possession of a firearm by a felon.

To proceed IFP, a litigant must be economically eligible, and his appeal must not be frivolous. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). The writ of error coram nobis "is an extraordinary remedy available to a petitioner

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

no longer in custody who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the criminal conviction, and that the challenged error is of sufficient magnitude to justify the extraordinary relief." *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996). The writ is available "only to correct errors resulting in a complete miscarriage of justice." *Id.* Guinn argues that he is entitled to such relief because his attorney provided ineffective assistance by failing to file a motion to suppress or a 28 U.S.C. § 2255 motion. He contends that there is a reasonable probability that such motions would have been decided in his favor.

As part of an agreement with the Government, Guinn waived the right to appeal his conviction or sentence, as well as his right to pursue relief pursuant to § 2255 or in any postconviction proceeding. We agree with the district court that Guinn has waived his right to pursue postconviction relief. Even if Guinn could establish that he preserved the right to bring the present writ, he has not raised a nonfrivolous issue regarding whether he was entitled to relief. Guinn offers no argument or factual basis on which a motion to suppress or a § 2255 motion could have been filed. His conclusional assertions do not support any claim for extraordinary relief. *See United States v. Dyer*, 136 F.3d 417, 423 (5th Cir. 1998) (holding that appellant had not made a showing "with the clarity requisite for *coram nobis* relief"). Accordingly, Guinn has not presented a nonfrivolous issue for appeal. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).

The motion for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED. *See* 5TH CIR. R. 42.2.