IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-20429
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JAMES HENRY KESSLER

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:84-CR-10-ALL

Before HIGGINBOTHAM, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

James Henry Kessler, proceeding *pro se* and *in forma pauperis*, contests the denial of his petition for a writ of coram nobis.

In 1984, Kessler pleaded guilty to federal counterfeiting charges, in violation of 18 U.S.C. § 472. Kessler entered his plea pursuant to a plea-bargain agreement, under which the Government agreed to recommend a prison term of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

no more than ten years. The plea agreement was accepted, and Kessler was sentenced, *inter alia*, to ten years' imprisonment. Kessler was released to federal parole in 1989; he subsequently violated that parole; and a revocation warrant was issued. He was ultimately discharged from his sentence in December 1994.

Kessler asserts, *inter alia*, that his being imprisoned for more than ten years breached the terms of the plea agreement. He contends: his 1984 conviction is "void"; his imprisonment violated his due process rights; and he has been harmed by his 1984 conviction because it was used to increase his possible sentence for new (2007) federal charges to which he was subject.

The writ of coram nobis, available pursuant 28 U.S.C. § 1651(a), is employed only "to correct errors 'of the most fundamental character'". *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998) (quoting *United States v. Morgan*, 346 U.S. 502, 512 (1954)). It is "an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the criminal conviction, and that the challenged error is of sufficient magnitude to justify the extraordinary relief". *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996). The writ "will issue only to correct errors resulting in a complete miscarriage of justice", *id.*; and, it is appropriate "only when no other remedy is available and when 'sound reasons exist[] for failure to seek appropriate earlier relief'". *Dyer*, 136 F.3d at 422 (quoting *Morgan*, 346 U.S. at 512). The writ denial is reviewed for abuse of discretion. *E.g.*, *Santos-Sanchez v. United States*, 548 F.3d 327, 330 (5th Cir. 2008), *petition for cert. filed*, __ U.S.L.W. __ (U.S. 15 Apr. 2009) (No. 08-9888).

Kessler has presented only unsubstantiated allegations regarding the 2007 federal charges that he references; he has not shown he is experiencing adverse consequences as a result of his 1984 conviction. In addition, Kessler has not demonstrated how the claimed errors in execution of his sentence affected the

validity of his 1984 conviction or entitle him to the extraordinary relief sought. *See Jimenez*, 91 F.3d at 768. Moreover, he has not made the necessary showing of a complete miscarriage of justice, *id.*, as the claims asserted in the instant petition were, or could have been, raised in his previous federal-habeas actions. *See United States v. Esogbue*, 357 F.3d 532, 535 (5th Cir. 2004). Kessler may not use the writ to override the applicable limitations period or to circumvent the successive-petition provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996). *See Esogbue*, 357 F.3d at 535. In sum, the district court did not abuse its discretion in denying the writ.

AFFIRMED.