**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 28, 2009

Charles R. Fulbruge III
Clerk

No. 07-41087
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIAM HENRY HARRISON, also known as Wayne Green,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:99-CR-2-1

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

William Henry Harrison, pro se, appeals the district court's order denying his motion to vacate and reissue its August 11, 2005, order denying his motion for new trial. He argues that he proved by clear and convincing evidence that he had not been served with notice and a copy of the court's August 11, 2005, order denying his motion for a new trial. He also argues that the district court

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

should have granted coram nobis relief. Harrison's motion for an extension of time to file a reply brief is GRANTED.

This court previously dismissed as untimely Harrison's appeal from the district court's denial of his motion for a new trial. This court has held that, since FED. R.APP. P. 4(b)(1)(A)'s 10-day time limit to file a notice of appeal is not statutorily imposed, it is "not jurisdictional and [can] be waived." *United States v. Martinez*, 496 F.3d 387, 388-89 (5th Cir. 2007). The Government filed in the district court a response in opposition to Harrison's request to vacate and reissue the order denying his motion for a new trial; further, the Government argues on appeal that Harrison's appeal is untimely. Thus, the Government has not waived the issue.

Although, as the district court noted in denying Harrison's motion, the district court clerk must provide notice of the entry of an order on any post-arraignment motion, "[e]xcept as Federal Rule of Appellate Procedure 4(b) provides otherwise, the clerk's failure to give notice does not affect the time to appeal, or relieve--or authorize the court to relieve--a party's failure to appeal within the allowed time." FED. R. CRIM. P. 49(c); *see* FED. R. APP. 26(b)(1) (the court may not extend the time to file a notice of appeal except as authorized by Rule 4). Harrison has not shown that the district court made an affirmative representation or specific assurances that misled him and caused his notice of appeal to be filed late. *See Osterneck v. Ernest & Winney*, 489 U.S. 169, 179 (1989).

To the extent that Harrison argues that the district court should have granted him coram nobis relief, "[t]he writ of coram nobis is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the criminal conviction, and that the challenged error is of sufficient magnitude to justify the extraordinary relief." *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996). Since Harrison was in custody

when he sought coram nobis relief, the writ of coram nobis is not an avenue of relief that is available to him. *See United States v. Hatten*, 167 F.3d 884, 887 n.6 (5th Cir. 1999).

The district court's order denying Harrison's motion to vacate and reissue its order denying his motion for a new trial is AFFIRMED.