# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 9, 2010

Lyle W. Cayce
Clerk

No. 08-50419
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LAWRENCE W FEW,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:01-CR-1195-2
No. 3:06-CV-68

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Lawrence Few has filed a motion for a certificate of appealability (COA) to appeal the district court's denial of his petition for a writ of coram nobis in which he challenges the validity of his conviction for making a false material statement to a federal agent. Few was sentenced to two years of probation, with 90 days of home confinement, a fine of $2000, and a special assessment of $100.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although Few originally characterized his pleading as a 28 U.S.C. § 2255 motion, he acknowledges that he is not entitled to challenge his conviction under that provision because he was not in federal custody when he filed his pleading. *See* 28 U.S.C. § 2255(a). He has therefore waived that claim and is not required to obtain a COA for it. There is no requirement to obtain a COA in order to appeal the denial of a petition for a writ of coram nobis. *United States v. Kwan*, 407 F.3d 1005, 1009 (9th Cir. 2005); *Rodriguez v. Johnson*, No. 00-50225, 2000 WL 1901607, *1 (5th Cir. 2000) (unpublished); *United States v. Baptiste*, 223 F.3d 188, 189 n.1 (3d Cir. 2000).

Treating Few's filing as an appeal of the district court's denial of his petition for a writ of coram nobis, we hold that the district court did not abuse its discretion in denying the writ. We have previously determined on direct appeal that there was sufficient evidence to support the jury's finding that Few made a false representation to the agent. *See United States v. Few*, No. 02-50832, 2003 WL 1202811 (5th Cir. 2003) (unpublished); 18 U.S.C. § 1001. Few has failed to overcome the presumption that the underlying criminal proceedings were correct, and he has not shown a fundamental error that resulted in a complete miscarriage of justice. *See United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998); *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996).

AFFIRMED.