# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 4, 2011

Lyle W. Cayce
Clerk

No. 10-10996
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROY PERKINS, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:94-CR-36-7

Before DENNIS, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Roy Perkins, Jr., federal prisoner # 25970-077, pleaded guilty to using and carrying a firearm during and in relation to a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)-(2) and was sentenced to 120 months of imprisonment and three years of supervised release on December 2, 1994. After being denied relief under 28 U.S.C. §§ 2255 and 2241, he has filed this petition for writ of error coram nobis under 28 U.S.C. § 1651(a), again challenging his § 924(c)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction on the ground that the evidence did not establish that he carried a firearm.

We have before us Perkins's application for a certificate of appealability (COA). A COA is required for an appeal from a final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court or a final order in a proceeding under section 2255. 28 U.S.C. § 2253(c). Because an appeal from an order denying coram nobis relief does not fall within either of these categories, Perkins's request for a COA is DENIED AS UNNECESSARY. *See United States v. Dyer*, 136 F.3d 417, 429 n.32 (5th Cir. 1998).

Challenging his conviction by way of the writ of error coram nobis under § 1651(a), Perkins argues that his invalid § 924(c) conviction was used to enhance his sentence imposed for a new conviction in 2007. The writ of coram nobis is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate his criminal conviction in circumstances where he can demonstrate that he is suffering civil disabilities as a consequence of the conviction and that the challenged error is of sufficient magnitude to justify extraordinary relief. *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996). "This writ will issue only to correct errors resulting in a complete miscarriage of justice." *Id.* The writ will issue only when no other remedy is available and when sound reason exists for the petitioner's failure to seek appropriate earlier relief. *Dyer*, 136 F.3d at 422.

Perkins did not file a direct appeal of his § 924(c) conviction. In his first § 2255 motion, the district court granted § 2255 relief to Perkins and entered an order of acquittal as to the "use" prong of his conviction per *Bailey v. United States*, 516 U.S. 137 (1995), but denied relief as to the "carry" prong. On appeal, Perkins argued that the district court erred in denying him relief under the "carry" prong of § 924(c)(1). We held that we lacked jurisdiction to hear his claim in a § 2255 proceeding because Perkins could have raised the "carry" argument

on direct appeal, reasoning that *Bailey*, which addressed the "use" prong of § 924(c), did not affect the law on the "carry" prong. *United States v. Perkins*, No. 96-11457, 1998 WL 44519 (5th Cir. Jan. 23, 1998). Perkins does not explain why he did not seek appropriate earlier relief, and we hold that he is not entitled to coram nobis relief. *See Dyer*, 136 F.3d at 430.

We also have before us Perkins's motion to proceed in forma pauperis (IFP) on appeal. A movant seeking leave to proceed IFP on appeal must show that he is financially unable to bear the costs of the appeal and that the appeal is taken in good faith. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). This court's inquiry into Perkins's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Previously, Perkins has tried to challenge this conviction on the same grounds in a § 2255 motion, a successive § 2255 request, a § 2241 petition, and now a § 1651(a) writ of error coram nobis. His previous challenges were denied, and he was told that he could have challenged the carry prong on direct appeal. We hold that Perkins's appeal is not taken in good faith. *See Howard*, 707 F.2d at 220. Perkins's motion for IFP IS DENIED, and his appeal IS DISMISSED AS FRIVOLOUS. *See* 5TH CIR. R. 42.2.

This court warned Perkins that further attempts to challenge his conviction that did not meet the criteria for filing a successive § 2255 motion would be sanctioned. *Perkins v. United States*, No. 99-41421, 2000 WL 959916 (June 13, 2000). Although Perkins filed this challenge nominally under § 1651(a) and not as a request to file a successive § 2255 motion, in his COA motion, he makes an argument trying to show that he meets the criteria to file a successive § 2255 motion. Also, in its order denying Perkins relief in this case, the district court noted that Perkins had filed at least three successive § 2255 motions and multiple other post-conviction motions and warned him that

No. 10-10996

frivolous filings might result in the imposition of sanctions, including monetary sanctions.

IT IS ORDERED that Perkins is SANCTIONED in the amount of $455, payable to the clerk of this court. Until that sanction is paid, Perkins may file no more appeals or initial pleadings challenging the validity of his conviction and sentence, whether those challenges are governed by § 2241, § 2255, § 1651(a), or any other statutory provision, in this court or in any court under this court's jurisdiction, without first obtaining the permission of this court or the forum court.

COA DENIED AS UNNECESSARY; IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION IMPOSED.