# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 28, 2012

No. 11-10926
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BERNARD DOLENZ, also known as Bernard J. Dolenz Trustee, also known as
Bishop B.J. Dolenz, also known as Bishop B.J. Dolenz Trustee, also known as
Bishop Bernard J. Dolenz Trustee, DOLENZ SWISS AVENUE HOUSE TRUST,
c/o Trustee Bernard J. Dolenz,

Defendants-Appellants

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-1311

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Bernard Dolenz was convicted in 1998 of mail fraud and was ordered to
pay $1,680,501.47 in restitution. *United States v. Dolenz*, 2000 WL 1239090 (5th
Cir. Aug. 4, 2000) (unpublished) (affirming convictions). Because the restitution
remained unpaid, the Government filed the underlying action against Dolenz
and other named parties seeking to clear title and foreclose on its restitution lien

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

on Dolenz's real property located at 6102 Swiss Avenue, Dallas, Texas (the Swiss Avenue House). Dolenz and the Government filed cross motions for summary judgment. Dolenz's central contention was that the property had been conveyed prior to creation of the restitution lien to the Swiss Avenue House Trust (SAHT).

The district court determined that the summary judgment evidence showed that SAHT held title over the Swiss Avenue House as the nominee of Dolenz, and that, therefore, the Government could foreclose on its criminal restitution lien against the property. *United States v. Dolenz*, No. 3-09-CV-1311-O-BD, 2011 WL 4351558 (N.D. Tex. June 16, 2011) (unpublished). The court determined also that Dolenz could not defeat summary judgment based on alleged discovery abuses and unethical behavior of opposing counsel, allegations that were deemed frivolous. *Id.*

After Dolenz gave timely notice of his appeal from the final judgment, the district court certified that the appeal had not been taken in good faith, and it denied Dolenz's request for leave to proceed in forma pauperis (IFP) on appeal. Dolenz has applied to this court for leave to proceed IFP on appeal. Dolenz's IFP motion is construed as a challenge of the district court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Dolenz contends that the Government failed to prove that SAHT is his nominee; that the Government admitted facts by failing to respond to his requests for admissions that create genuine issues precluding summary judgment; that the district court erred in ruling that his requests for admissions, interrogatories, and requests for production of documents were not properly served; and that the district court contravened his state homestead exemption by enforcing the Government's restitution lien on the Swiss Avenue House.

Because no non-frivolous issue for appeal has been identified, leave to proceed IFP is DENIED. *See id.* This appeal is DISMISSED AS FRIVOLOUS. *See id.* at 202 n.24; 5TH CIR. R. 42.2. Dolenz is WARNED that frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions,

which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.