**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 31, 2012

No. 11-60587
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FREDERICK DEMETRIUS DEBERRY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:90-CR-81-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Frederick Demetrius Deberry moves for leave to proceed in forma pauperis (IFP) in appealing the dismissal of his petition for a writ of coram nobis. The motion to proceed IFP is construed as a challenge to the district court's certification that the appeal is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). This court asks only whether the appeal involves legal points that are not frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In his petition for a writ of coram nobis, Deberry contends that his completed federal sentence of 240 months, imposed for several 1991 convictions, was improperly calculated and unreasonable and caused the adverse collateral consequence of delaying the start of state sentences that were imposed to run consecutively to his federal sentence. "The writ of coram nobis is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the conviction." *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir.1996), *quoted in United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004). Coram nobis is not a substitute for appeal and may be used to correct only the most fundamental errors. *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998) (citing *United States v. Morgan*, 346 U.S. 502, 512 (1954)). In addition, the writ should issue only when there are "'sound reasons . . . for failure to seek appropriate earlier relief.'" *Id.* (quoting *Morgan*, 346 U.S. at 512) (ellipsis added). The inability to satisfy the requirements for filing a successive § 2255 motion is not a sound reason for failing to seek relief earlier. *Esogbue*, 357 F.3d at 535. Further, the "regurgitation" of claims previously presented in a § 2255 motion, or the presentation of claims that reasonably could have been so raised, does not amount to "the necessary showing of a complete miscarriage of justice." *Id.* We review the district court's "factual findings for clear error, questions of law de novo, and the district court's ultimate decision to deny the writ [of coram nobis] for abuse of discretion." *Santos-Sanchez v. United States*, 548 F.3d 327, 330 (5th Cir. 2008), *vacated on other grounds*, 130 S. Ct. 2340 (2010).

Quoting *Esogbue*, 357 F.3d at 535, the district court concluded that Deberry's "submission to the court is 'hardly more than regurgitation of the claims he has already presented.'" Deberry concedes that he "has made several attempts to have his illegal and unreasonable sentence corrected on post conviction relief." Whether Deberry's "submission . . . is 'hardly more than

2

regurgitation'" or Deberry seeks relief not sought in his earlier petitions, Deberry shows no sound reason for failing to "seek appropriate earlier relief." *Dyer*, 136 F.3d at 422. Accordingly, Deberry has not made the necessary showing of a complete miscarriage of justice. *See Esogbue*, 357 F.3d at 535.

The district court also found that Deberry had not alleged adverse collateral consequences resulting from his 240-month federal sentence. Deberry offers no authority to support his novel assertion that adverse collateral consequences may arise simply from the length of a completed sentence. *Cf. Esogbue*, 357 F.3d at 534 (quoting *Jimenez*, 91 F.3d at 768, and *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002), for the proposition that the writ of coram nobis is available to attack a "conviction"); *cf. also Morgan*, 346 U.S. at 504 (noting that the challenged *conviction* had resulted in the adverse collateral consequence of a longer sentence for a subsequent crime).

The district court did not abuse its discretion by denying the writ. Because Deberry identifies no nonfrivolous issue for appeal, his IFP motion is DENIED. *See Howard*, 707 F.2d at 220. His frivolous appeal is DISMISSED. *Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.