# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 6, 2013

Lyle W. Cayce
Clerk

No. 12-10532
Summary Calendar

ROY PERKINS, JR.,

Petitioner-Appellant

v.

UNITED STATES OF AMERICA,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:11-CV-130

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Roy Perkins, Jr., federal prisoner # 25970-077, pleaded guilty to using and carrying a firearm during and in relation to a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)-(2) and was sentenced to 120 months of imprisonment and three years of supervised release on December 2, 1994. After being previously denied relief under 28 U.S.C. §§ 2255 and 2241, Perkins filed this petition for habeas corpus under § 2241, again challenging his § 924(c) conviction. The district court determined that the application should be

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

construed as a motion for relief under § 2255 and noted that Perkins had not received permission from this court to file a successive motion under § 2255. The district court also noted that Perkins had not paid the $455 sanction imposed by this court in *United States v. Perkins*, No. 10-10996 (5th Cir. May 4, 2011), and had not requested permission to file the § 2241 application. The district court thus ordered Perkins's § 2241 application dismissed. Perkins did not appeal this order. On February 6, 2012, Perkins filed a motion for reconsideration, which the district court denied. The district court denied his motion to proceed in forma pauperis (IFP) on appeal, finding that the appeal was not taken in good faith.

Perkins appeals the district court's denial of his FED. R. CIV. P. 60(b) motion. He has filed a motion to proceed IFP on appeal, challenging the district court's certification that his appeal was not taken in good faith pursuant to *Baugh v. Taylor*, 117 F.3d 197, 199-202 (5th Cir. 1997). The arguments in Perkins's brief do not address the district court's order. His arguments are directed to the denial of his motion to reduce his term under 18 U.S.C. § 3582(c), which is not the subject of this appeal.

The district court's certification that Perkins's appeal is not taken in good faith is upheld, Perkins's motion for IFP is denied, and this appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The sanction of $455 having failed to deter Perkins, Perkins is ORDERED to pay a monetary sanction of $1,000 payable to the clerk of this court. Until that sanction is paid, Perkins may file no more appeals or initial pleadings challenging the validity of this conviction and sentence, whether those challenges are governed by § 2241, § 2255, or any other statutory provision, in this court or in any court under this court's jurisdiction. We WARN Perkins that future frivolous, repetitive, or otherwise abusive challenges to this conviction and sentence in this court or any court subject to this court's jurisdiction will subject him to additional and progressively more severe sanctions.

No. 12-10532

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION IMPOSED; ADDITIONAL SANCTION WARNING ISSUED.