UNITED STATES of America,
Plaintiff–Appellee

v.

Bernard Joseph DOLENZ,
Defendant–Appellant.

No. 13–11185
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 25, 2014.

Bernard Joseph Dolenz, Decatur, TX, pro se.

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM: *

Bernard Dolenz has applied for leave to proceed in forma pauperis (IFP) in this appeal from the district court's orders denying his request for issuance of a writ of coram nobis challenging his 1998 convictions of mail fraud. *See United States v. Dolenz*, No. 99–10032, 2000 WL 1239090 (5th Cir. Aug.4, 2000) (unpublished) (affirming convictions).

Dolenz contends that the Government failed to disclose exculpatory evidence to the defense in violation of the rule in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The writ of coram nobis is available to correct *Brady* violations resulting in a complete miscarriage of justice. *Jimenez v. Trominski*, 91 F.3d

767, 768 (5th Cir.1996). Dolenz has failed to show that the result of his criminal trial would have been different if the Government had disclosed the materials identified in his brief. *See id.; see also Brady*, 373 U.S. at 87–88, 83 S.Ct. 1194; *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).

Next, Dolenz asserts that the district court lacked subject matter jurisdiction and that the Government lacked standing. In support of these contentions, Dolenz asserts that his victims were private insurers and not the federal government. There was no nexus with the federal government, he contends, and the federal government did not sustain an injury in fact. It was not necessary to show such a nexus to obtain a conviction for mail fraud. *See United States v. Bieganowski*, 313 F.3d 264, 275 (5th Cir.2002).

The foregoing substantive issues were not presented to a jury, Dolenz complains. Dolenz has not shown that there were any unresolved issues of material fact capable of resolution by a jury.

Finally, Dolenz complains that the district court erred in failing to treat certain matters as admitted. Leave to conduct discovery was never requested by Dolenz nor given by the district court.

Because Dolenz has not shown that his appeal involves legal points arguable on their merits, leave to proceed IFP is DENIED. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir.1983). Because the appeal is frivolous, it is DISMISSED. *See Baugh v. Taylor*, 117 F.3d 197, 202 n. 24 (5th Cir.1997); 5TH CIR. R. 42.2. Dolenz was warned previously "that frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, which

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction." *United States v. Dolenz,* 464 Fed.Appx. 429, 430 (5th Cir. 2012) (unpublished). As Dolenz has filed another frivolous motion, he is ORDERED to pay a sanction in the amount of $500 to the clerk of this court. Until the sanction has been paid in full, Dolenz is BARRED from filing any pleading in this court or any court subject to this court's jurisdiction, unless he first obtains leave of the court in which he seeks to make the filing. Dolenz is WARNED that future frivolous, repetitive, or otherwise abusive filings will invite the imposition of additional and progressively more severe sanctions and that he should review any pending appeals and actions and move to dismiss any that are frivolous.