# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40276
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 10, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIAM HENRY HARRISON, also known as Wayne Green,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:99-CR-2-1

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

William Henry Harrison has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his motion for a writ of coram nobis. The district court denied his motion to proceed IFP on appeal, certifying that the appeal was not taken in good faith. By moving in this court for IFP status, Harrison is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40276

The district court based its decision that the appeal was not taken in good faith in part on its determination that Harrison had not alleged sufficient lingering civil disabilities to warrant coram nobis relief.  In his brief in this court, Harrison contends that he should not have to make this showing, but he is incorrect.  We have explained that a movant seeking a writ of coram nobis must allege that he suffers from lingering civil disabilities as a result of his conviction.  *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998).  In his brief in this court, Harrison has not identified any lingering civil disabilities, much less has he presented a nonfrivolous issue that they are sufficient to entitle him to relief.

Additionally, he has not adequately refuted the district court's determination that there is no arguable issue that he suffered a complete miscarriage of justice.  The writ of coram nobis is an extraordinary remedy that a federal court will grant only in compelling circumstances to correct fundamental error and avoid a complete miscarriage of justice.  *United States v. Morgan*, 346 U.S. 502, 512 (1954); *Dyer*, 136 F.3d at 422, 430; *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996).  Harrison contends that the chemist who testified at his trial on drug charges lied about the procedure used to test several bundles found to be cocaine.  Harrison urges that the testimony is contradicted by the chemist's own notes and that the Government knew that the chemist testified falsely.  Harrison raised this same argument in 2005 in his motion for a new trial, which the district court denied.  *See Dyer*, 136 F.3d at 422 (explaining that coram nobis relief is not a substitute for appeal).  Moreover, a review of the chemist's notes and his trial testimony reveals no inconsistency or any basis to conclude that the chemist committed perjury.  Harrison has not shown an arguable issue that the use of perjured testimony

resulted in a complete miscarriage of justice. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983)

To the extent that Harrison attempts to press a claim that the Government failed to turn over to the defense a copy of the chemist's report before trial in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), he did not address the issue in his motion for coram nobis relief and raised it for the first time in his motion for reconsideration in the district court; thus, we decline to address it. *See Lincoln Gen. Ins. Co. v. De La Luz Garcia*, 501 F.3d 436, 442 (5th Cir. 2007).

The remainder of Harrison's arguments focus on his diligence in seeking relief. His request to proceed IFP on appeal "must be directed solely to the . . . reasons for the certification decision," *Baugh*, 117 F.3d at 202, and the district court did not cite Harrison's lack of diligence as a reason that his appeal was not taken in good faith.

This appeal is without arguable merit, and thus, Harrison's motion to proceed IFP is DENIED. *See Howard*, 707 F.2d at 220. Because the appeal is frivolous, it is DISMISSED. *See Baugh,* 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. The Government's motion for access to sealed documents is DENIED as unnecessary.