# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-20771
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 21, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHARLES A. MALOUFF, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-237-1

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Charles A. Malouff, Jr., now Texas prisoner # 1978590, was convicted of the unlawful transfer of firearms and was sentenced to three years of probation on January 8, 2007. He now appeals from the district court's denial of his petition for a writ of coram nobis.

The writ of coram nobis is an extraordinary remedy available in the federal courts pursuant to the All Writs Act as an avenue of collateral attack

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20771

when a prisoner has completed his sentence and is no longer in custody for purposes of seeking relief under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998); *see also* 28 U.S.C. § 1651(a). It is employed only in compelling circumstances to correct fundamental error and avoid a miscarriage of justice. *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996). A writ of coram nobis is not a substitute for an appeal. *Dyer*, 136 F.3d at 422. To prevail, the petitioner must present a sound reason for failing to seek appropriate relief earlier. *Id.*

All of Malouff's substantive claims could have been raised either on direct appeal or in a motion under 28 U.S.C. § 2255. Malouff argues that he could not have raised any claim based on his vagueness argument prior to his discovery of *United States v. Vest*, 448 F. Supp. 2d 1002 (S.D. Ill. 2006). He gives no reason for his failure to discover the case for eight years except that he is a lay person. As he has failed to make the necessary showing of a complete miscarriage of justice, the district court did not err by denying his petition for a writ of coram nobis. *See United States v. Esogbue*, 357 F.3d 532, 535 (5th Cir. 2004).

The judgment of the district court is AFFIRMED. Malouff's motion for appointment of counsel is DENIED.