# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30710
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 14, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GARION MCCOY,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:98-CR-207-6

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Garion McCoy, federal prisoner # 01162-748, appeals the district court's denial of his motion for a writ of audita querela under the All Writs Act, 28 U.S.C. § 1651. McCoy alleges that the Government suppressed impeachment evidence relating to the key witness who testified against him at trial. McCoy was convicted of conspiring to distribute cocaine base, using and carrying a firearm in relation to a drug trafficking crime, and being a felon in possession

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30710

of a firearm.  Although he has raised the same claim in a motion for a new trial, a 28 U.S.C. § 2255 motion, and an attempted successive § 2255 motion, McCoy again asserts that new evidence discredits the witness's testimony and that the Government should have corrected the witness's false testimony during trial.

McCoy cannot challenge the Government's failure to disclose evidence by writ of audita querela, as he does not identify "a legal objection to a judgment which has arisen subsequent to that judgment."  *See United States v. Miller*, 599 F.3d 484, 488 (5th Cir. 2010); *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996) (affirming denial of writ of audita querela alleging failure to disclose exculpatory evidence because petitioner did not raise "a legal defense arising, after the entry of judgment, sufficient to justify issuance of the extraordinary writ").  Moreover, McCoy fails to show that redress is unavailable under § 2255. *See Miller*, 599 F.3d at 487-88; *United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993).  That McCoy may not satisfy the requirements for a successive § 2255 petition does not render that remedy unavailable.  *See Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

The district court's judgment is therefore AFFIRMED.