# United States Court of Appeals for the Fifth Circuit

---

No. 23-50132
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
September 21, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DAVID SCOTT TRUDEAUX,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:22-CV-797

---

Before SMITH, HIGGINSON, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

David Scott Trudeaux, former federal prisoner # 18385-280, appeals the denial of his petition for a writ of error *coram nobis* challenging his 2010 convictions of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and conspiracy to launder money instruments, in violation of 18 U.S.C. § 1956(h). He argues that the district court erred by

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

denying relief on his claims that (1) his trial counsel rendered ineffective assistance due to an alleged conflict of interest, (2) the trial court erred by granting certain motions regarding his appointed counsel, (3) prosecutorial misconduct occurred, (4) his trial counsel rendered ineffective assistance by failing to inform him of a plea offer, and (5) his trial counsel violated his due process rights by relaying statements to the Government that the Government later used in superseding indictments.

"The writ of *coram nobis* is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the conviction, and that the challenged error is of sufficient magnitude to justify the extraordinary relief." *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996) (citation omitted). "[C]ourts must be cautious so that the extraordinary remedy of *coram nobis* issues only in extreme cases." *United States v. Denedo*, 556 U.S. 904, 916 (2009). Coram nobis relief will be granted to correct only fundamental errors that result in a complete miscarriage of justice. *United States v. Dyer*, 136 F.3d 417, 422, 430 (5th Cir. 1998).

A petitioner seeking the writ must show: (1) a continuing civil disability as a consequence of his prior conviction, *United States v. Castro*, 26 F.3d 557, 559 (5th Cir. 1994); that (2) he exercised "reasonable diligence in seeking prompt relief," *Dyer*, 136 F.3d at 427 (internal quotations omitted); (3) no other remedy is available, *id.* at 422; and (4) unless relief is granted, there will be "a complete miscarriage of justice," *Castro*, 26 F.3d at 559. We review the district court's "factual findings for clear error, questions of law de novo, and the district court's ultimate decision to deny the writ for abuse of discretion." *Santos-Sanchez v. United States*, 548 F.3d 327, 330 (5th Cir. 2008), *vacated on other grounds*, 559 U.S. 1046 (2010).

No. 23-50132

Trudeaux's alleged conflict of interest claim has already been fully litigated in a 28 U.S.C. § 2255 motion. Asserting a claim previously presented in a § 2255 motion does not amount to the necessary showing of a complete miscarriage of justice. *United States v. Esogbue*, 357 F.3d 532, 535 (5th Cir. 2004). As for his claims that the trial court erred by appointing counsel without inquiry into potential conflict, his trial counsel failed to relay a plea offer, and that prosecutorial misconduct occurred, he has not shown he exercised reasonable diligence in raising these claims. *Dyer*, 136 F.3d at 427. Lastly, because it was not presented to the district court, we will not consider his claim that counsel violated his due process rights. *See Morris v. Livingston*, 739 F.3d 740, 752-53 (5th Cir. 2014).

The judgment of the district court is AFFIRMED.