United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20354

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

AMBROSE ONYE ESOGBUE,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-93-CR-257-1

_____

Before JOLLY, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Ambrose Onye Esogbue, pro se, appeals the district court's dismissal, for lack of jurisdiction, of his petition for a writ of error coram nobis. We VACATE the judgment of dismissal and REMAND for further proceedings.

I

Esogbue, a native and citizen of Nigeria, was convicted of conspiracy to defraud the United States and wire fraud in 1994. He was sentenced to 37 months' imprisonment and three years' supervised release. This Court affirmed the judgment and sentence on direct appeal in an unpublished opinion filed on February 13, 1996. In September 1996, while he was incarcerated, Esogbue filed a motion under 28 U.S.C. § 2255, which was denied on June 26, 1997.

The district court, as well as this Court, denied Esogbue's request for a certificate of appealability.

Esogbue was released to Immigration and Naturalization Service ("INS") custody on December 1, 1996. In January 1997, Esogbue was ordered deported. He appealed, and two years later his deportation case was remanded. He was detained by the INS during the pendency of his appeal. On remand, Esogbue was again ordered deported and again he appealed. His appeal was dismissed. Esogbue filed motions for a stay of deportation and for reconsideration, which were granted, and his appeal was reinstated. In November 2000, Esogbue was released from INS custody on bail.

In June 2001, after the completion of his term of supervised release, Esogbue filed a petition for a writ of error coram nobis in the same court in which he was convicted. In his coram nobis petition, Esogbue sought to set aside his 1994 conviction on the bases of ineffective assistance of counsel and violation of the Vienna Convention, so as to avoid deportation. The Government responded, arguing that his petition should be denied because entitlement to relief under the All Writs Act, 28 U.S.C. § 1651, is available only to individuals who have no remedy at law. The Government argued that Esogbue had a remedy at law -- a successive motion under 28 U.S.C. § 2255 -- and that the district court lacked jurisdiction to grant him leave to file a successive § 2255 motion. The district court, without explanation, dismissed Esogbue's

petition for lack of jurisdiction.  Esogbue filed a timely notice of appeal.

                                    II

Esogbue argues that the district court erred when it determined that it lacked jurisdiction to entertain his petition. He argues that his petition was properly filed in the district court, as it is the court that originally entered judgment against him.  Further, he argues that the district court had jurisdiction to hear his petition because he is no longer in custody.  The Government argues that the district court properly dismissed Esogbue's petition for a writ of error <u>coram</u> <u>nobis</u>, because Esogbue deliberately bypassed an available legal remedy -- an application to file a successive motion for relief under 28 U.S.C. § 2255.  The Government argues further that Esogbue presented no valid reasons for not attempting to pursue a successive motion for § 2255 relief, and that Esogbue did not advance any errors of a fundamental character.

"The writ of coram nobis is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the conviction, and that the challenged error is of sufficient magnitude to justify the extraordinary relief." <u>Jimenez v. Trominski</u>, 91 F.3d 767, 768 (5th Cir. 1996); <u>see</u> <u>also</u> <u>United States v. Peter</u>, 310 F.3d 709, 712 (11th Cir. 2002) ("A writ of error coram nobis is a remedy

                                    3

available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255.").

Although the district court did not assign reasons for its conclusion that it lacked jurisdiction, it is likely that the court was persuaded by the Government's argument that Esogbue's motion must be dismissed for lack of jurisdiction because he did not seek permission from this Court to file a successive § 2255 motion. However, this argument is flawed, because Esogbue was no longer in custody when he sought coram nobis relief; therefore, the alternative legal remedy of a successive § 2255 motion was not available to him at that time. The Supreme Court has held that a movant is not "in custody" under a conviction for the purpose of § 2254 relief where the sentence imposed for that conviction has fully expired. Maleng v. Cook, 490 U.S. 488, 490-91 (1989). Maleng's analysis applies equally when a movant is no longer in federal custody for the purpose of § 2255 relief where the sentence imposed for that conviction has expired. See Custis v. United States, 511 U.S. 485, 497 (1994); see also United States v. Truesdale, 211 F.3d 898, 903 (5th Cir. 2000) ("a § 2255 motion is made by a person in federal custody and a petition for a writ of error coram nobis is filed by a person who has been released"); United States v. Dyer, 136 F.3d 417, 422 (5th Cir. 1998) (writ of coram nobis "has been used as an avenue of collateral attack when the petitioner has completed his sentence and is no longer 'in

4

custody' for purposes of seeking relief under either 28 U.S.C. § 2241 or § 2255"). Adverse collateral consequences of a conviction do not render an individual "in custody." Maleng, 490 U.S. at 492. Deportation is such a collateral consequence. See United States v. Castro, 26 F.3d 557, 559 n.3, 561 n.8 (5th Cir. 1994). Because Esogbue filed his petition in the court of his conviction, faces the collateral consequence of possible deportation, and is no longer serving his sentence for his federal conviction, the district court's dismissal for lack of jurisdiction was error.

III

Esogbue alleged the following errors in his petition: (1) ineffective assistance of counsel for (a) failure to move for suppression of unconstitutionally seized evidence, (b) failure to move for severance, (c) failure to advise against self-incrimination, (d) failure to advise of deportation as a consequence of conviction, (e) failure to request a judicial recommendation against deportation; and (2) violation of the Vienna Convention. The writ of error coram nobis "will issue only to correct errors resulting in a complete miscarriage of justice." Jimenez, 91 F.3d at 768 (footnote omitted). Our court has held that ineffective assistance of counsel, if proven, can be grounds for coram nobis relief. See Castro, 26 F.3d at 559-60 (reversing denial of coram nobis petition and remanding for determination of whether counsel rendered ineffective assistance by failing to

5

advise Castro of the availability of a judicial recommendation against deportation or to request same from the sentencing court).

IV

Because the district court erroneously determined that it lacked jurisdiction to consider Esogbue's petition, its order dismissing the petition is VACATED, and the case is REMANDED for further proceedings. We express no opinion on the merits of Esogbue's petition. We note, however, that the writ of <u>coram</u> <u>nobis</u> is an extraordinary remedy to correct errors "of the most fundamental character." <u>United States v. Morgan</u>, 346 U.S. 502, 512 (1954). "Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice." <u>Id</u>. at 511. A writ of <u>coram</u> <u>nobis</u> "will issue only when no other remedy is available and when 'sound reasons exist[] for failure to seek appropriate earlier relief.'" <u>United States v. Dyer</u>, 136 F.3d at 422 (quoting <u>Morgan</u>, 346 U.S. at 512). Thus, in order to establish his entitlement to the writ, Esogbue must, <u>inter</u> <u>alia</u>, provide "sound reasons" for his failure to seek permission to assert the claims alleged in his <u>coram</u> <u>nobis</u> petition in a successive petition under 28 U.S.C. § 2255 while he was still in custody. An assertion that he would have been unable to satisfy the stringent standards for filing a successive § 2255 motion while he was in custody is not such a "sound reason." <u>See</u> <u>Godoski v. United States</u>, 304 F.3d 761, 763

6

(7th Cir. 2002) ("<u>coram</u> <u>nobis</u> is a common-law writ, and it is entirely inappropriate for the judiciary to invoke the common law to override limitations enacted by Congress, such as the period of limitations in § 2255"), <u>cert. denied</u>, 537 U.S. 1211 (2003); <u>Matus-Leva v. United States</u>, 287 F.3d 758, 761 (9th Cir.) ("A petitioner may not resort to <u>coram</u> <u>nobis</u> merely because he has failed to meet the AEDPA's gatekeeping requirements.  To hold otherwise would circumvent the AEDPA's overall purpose of expediting the presentation of claims in federal court and enable prisoners to bypass the limitations and successive petitions provisions."), <u>cert. denied</u>, 537 U.S. 1022 (2002).  Here, for example, if Esogbue's assertions amount to hardly more than regurgitation of the claims he has already presented in his § 2255 petition, that has been considered and dismissed, or claims that he reasonably could have raised in that petition, it cannot be said that he has made the necessary showing of a "complete miscarriage of justice."

VACATED and REMANDED.