United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 19, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 03-31148
Summary Calendar

UNITED STATES OF AMERICA,

                                                                Plaintiff-
                                        Appellee,

                        versus

JOHN B. LEVY,

                                                                Defendant-
                                        Appellant.

-------------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 85-298-M
-------------------------------------------------------------

Before SMITH, DeMOSS AND STEWART, Circuit Judges.

PER CURIAM:[*]

        John B. Levy appeals from the district court's denial of his petition for a writ of coram nobis.

He contends that his conviction violated *Cleveland v. United States*, 531 U.S. 12 (2000), because the

Government's theory of the case was that he committed fraud in seeking and obtaining a license to

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

operate an insurance company. Levy also contends that his disbarment is a continuing consequence of his conviction and that his coram nobis petition should not be barred by the doctrine of laches.

Levy's superseding indictment alleged that he participated in a series of false representations and fraudulent transactions to gain regulatory approval to purchase an insurance company, then to pilfer that company's assets in violation of an order of the Insurance Commission. The superseding indictment alleged that the Insurance Commission and the citizens of Louisiana were defrauded by Levy. However, the fraud alleged in the indictment included actual financial gain to Levy through fraudulent transactions, some of which were designed to evade regulatory scrutiny. Levy does not dispute that fraudulent acquisition of a company's assets is within the scope of the federal fraud statutes. He has not demonstrated that his conviction violated *Cleveland* and therefore has not shown that the district court erred by denying petition for coram nobis relief. *See United States v. Esogbue*, 357 F.3d 532, 533, 535 (5th Cir. 2004).

AFFIRMED.