# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 14, 2009

Charles R. Fulbruge III
Clerk

No. 08-10881
Summary Calendar

LARRY B FRASIER,

Plaintiff-Appellant

v.

UNITED STATES,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CV-39

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Larry B. Frasier appeals the district court's denial of his petition for a writ of coram nobis. In March 2002, Frasier was convicted by jury verdict on four counts of income tax evasion and was sentenced to 37 months of imprisonment, three years of supervised release, and $103,438.58 in restitution. Frasier was released from prison in May 2004, and his term of supervised release expired in May 2007.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On appeal, Frasier argues that: (1) the magistrate judge's reference to all of his issues having already been addressed is not supported by the record; (2) the district court failed to mention or consider his objections to the magistrate judge's report; and (3) the district court failed to issue factual findings or conclusions of law as to each of his claims. The record shows that the district court explicitly considered Frasier's objections to the magistrate judge's report. Moreover, because the magistrate judge's reference challenged by Frasier was not the primary basis for recommending that his petition be denied, this court need not consider that issue.

The writ of coram nobis, available pursuant 28 U.S.C. § 1651(a), should be employed only to correct errors "of the most fundamental character." *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998) (internal quotations marks and citation omitted). "The writ of coram nobis is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the criminal conviction, and that the challenged error is of sufficient magnitude to justify the extraordinary relief." *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996). The writ will issue only to correct errors resulting in a complete miscarriage of justice, and is appropriate only when (a) no other remedy is available and (b) when sound reasons exist for failure to seek appropriate earlier relief. *Id*. *Dyer*, 136 F.3d at 422.

Frasier has not shown that he is experiencing adverse consequences as a result of his prior federal conviction such that he is entitled to the extraordinary relief that he seeks. *See Dyer*, 136 F.3d at 429. Moreover, he has not made the necessary showing of a complete miscarriage of justice because the claims that he raises in the instant petition were argued, or could have been argued, in 28 U.S.C. § 2255 motions. *See United States v. Esogbue*, 357 F.3d 532, 535 (5th Cir. 2004). Frasier may not use the writ to override the applicable limitations period

or to circumvent the successive petition provisions of the Anti-Terrorism and Effective Death Penalty Act. *Id.*

Accordingly, the judgment of the district court is AFFIRMED.