# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 1, 2013

No. 12-50933
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SAMMY NARANJO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:88-CR-24-1

Before REAVLEY, JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Sammy Naranjo, federal prisoner # 42230-080, was convicted in 1988 of conspiracy to possess with intent to distribute, and distribution of, cocaine. He was sentenced to 46 months in prison and five years of supervised release. In 2000, after his five-year term of supervised release had expired, his supervised release was revoked, and he was resentenced to 12 months in prison to run consecutively to a 216-month federal sentence for a different, subsequent conviction. Naranjo appeals the district court's denial of his petition for a writ

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of coram nobis. In his petition, he argued that the revocation of his supervised release violated the Ex Post Facto Clause of the Constitution.

The writ of coram nobis is an "extraordinary remedy" that allows a petitioner who has completed his sentence and is no longer in custody to obtain relief from civil disabilities arising as a consequence of his conviction. *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004). Where a petitioner is still in custody at the time he files the petition, the writ of coram nobis is not available to the petitioner. *See United States v. Hatten*, 167 F.3d 884, 887 n.6 (5th Cir. 1999). The district court in this case found that Naranjo did not satisfy the "no longer in custody" requirement for obtaining a writ of coram nobis.

Naranjo argues that, because he has "yet to serve" his revocation sentence, he does not satisfy the "in custody" requirement for filing a 28 U.S.C. § 2255 motion challenging the revocation. He contends that he should therefore be allowed to challenge the revocation via a petition for a writ of coram nobis. He also addresses the merits of his ex post facto claim.

A petitioner who is serving two consecutive sentences is 'in custody' for purposes of challenging the second sentence via a habeas petition while he is serving the first sentence. *See Peyton v. Rowe*, 391 U.S. 54, 64 (1968); *Maleng v. Cook*, 490 U.S. 488, 490-93 (1989); *United States v. Shaid*, 937 F.2d 228, 230 n.2 (5th Cir. 1991) (en banc). Thus, even if Naranjo is still serving his 216-month federal sentence for a different, subsequent conviction and his 12-month revocation sentence has not yet commenced, he is "in custody" for purposes of challenging the revocation of his supervised release. As the district court did not abuse its discretion in denying Naranjo's petition for a writ of coram nobis, *see Santos-Sanchez v. United States*, 548 F.3d 327, 330 (5th Cir. 2008), *vacated on other grounds*, 130 S. Ct. 2340 (2010), the district court's dismissal of his petition is AFFIRMED.