# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10616
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 20, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellant

v.

KAREN E. TUCKER,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-5229

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Karen E. Tucker pleaded guilty in 1998 to one count of Medicare fraud on the basis that she submitted claims for podiatric services that she provided without the required authorization of the attending physician, in violation of Medicare policy. She did not timely appeal but later filed an unsuccessful 28 U.S.C. § 2255 motion asserting that her conduct did not violate Medicare policy and that her counsel thus rendered ineffective assistance by advising her to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plead guilty.  In 2012, she filed a second § 2255 motion, asserting the same ineffective-assistance claim as well as claims of withholding of evidence, entrapment, and various constitutional violations by the government.  Her claims were again premised on her assertion that she pleaded guilty to an offense she did not commit.  The district court transferred the matter to this court as an unauthorized successive motion.  As Tucker was no longer in custody, § 2255 relief was not available, and we returned the matter to the district court to consider her motion as seeking a writ of coram nobis.  The district court denied the writ, and Tucker now appeals.

"The writ of *coram nobis* is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the criminal conviction, and that the challenged error is of sufficient magnitude to justify the extraordinary relief." *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996).  We review factual findings for clear error, legal determinations de novo, and the ultimate decision to deny the writ for abuse of discretion.  *Santos-Sanchez v. United States*, 548 F.3d 327, 330 (5th Cir. 2008), *vacated on other grounds*, 559 U.S. 1046, 1046 (2010).  The "regurgitation" of claims already presented in an unsuccessful § 2255 petition does not make "the necessary showing of a complete miscarriage of justice." *See United States v. Esogbue*, 357 F.3d 532, 535 (5th Cir. 2004) (internal quotation marks omitted). We agree with the district court that Tucker has failed to make the necessary showing for coram nobas relief.  *See id.*

In addition to challenging her conviction, Tucker seeks monetary damages for various alleged constitutional and statutory violations relating to her conviction and withholding of Medicare payments.  Neither a § 2255 motion nor a writ of coram nobis is the proper vehicle for such claims.

AFFIRMED.