# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50875
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

CAROL JOHNENE MORRIS,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:97-CR-10-1

Before SMITH, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Carol Morris, former federal prisoner # 76547-080 and current Texas

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prisoner # 1681899, moves to proceed *in forma pauperis* ("IFP") in her appeal from the order denying her request for issuance of a writ of *coram nobis*. The district court determined that because Morris is currently incarcerated and therefore "in custody," that writ is unavailable and, as an additional basis, that she failed to allege "sound reasons" why she did not earlier seek appropriate relief under 28 U.S.C. § 2254 or 2255.

On appeal, Morris contends that her federal sentence has fully expired and that therefore she is no longer "in custody." Accordingly, she maintains that she is entitled to a writ of *coram nobis*. Morris is correct. *See Morris v. United States*, 258 F. App'x 696, 696 (5th Cir. 2007) (noting that Morris "was released from Bureau of Prisons custody in July 2004 and completed her concurrent, three-year terms of supervised release during the pendency of this appeal"); *cf United States v. Scruggs*, 691 F.3d 660, 662 & n.1 (5th Cir. 2012) (stating that the movant was "in custody" for purposes of § 2255 because he was serving a term of supervised release). Although incarcerated in state prison on apparently different charges, Morris is no longer serving her federal sentence, nor was she serving her sentence or term of supervised release when she filed her motion. Because she is not in custody under the federal sentence or under any restriction related to that sentence, the proper vehicle for her claims would be to seek the extraordinary remedy of *coram nobis*. *See United States v. Esogbue*, 357 F.3d 532, 534−35 (5th Cir. 2004).

Nevertheless, the district court's alternative basis for denying relief remains unchallenged on appeal. To satisfy the requirements for seeking a writ of *coram nobis*, the movant must present a "sound reason" for "the failure to seek appropriate earlier relief." *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998) (quoting *United States v. Morgan*, 346 U.S. 502, 512 (1954)). Because Morris has not briefed that issue, she has waived it. *See Yohey v.*

No. 14-50875

*Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993) (holding that even *pro se* litigants must brief arguments to preserve them).

Because Morris has presented a meritorious issue—that she is no longer "in custody"—her appeal involves legal points arguable on their merits, so leave to proceed IFP is GRANTED. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). The order denying the request for a writ of *coram nobis* is AFFIRMED.