# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 15-0845** (Jackson County 08-C-65)

**Dwight Keefer,**
**Defendant Below, Petitioner**

**FILED**

**June 17, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Dwight Keefer, by counsel Rebecca S. Johnson, appeals the July 27, 2015, order of the Circuit Court of Jackson County that denied his petition for writ of coram nobis. Respondent State of West Virginia, by counsel David A. Stackpole, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On November 2, 2005, petitioner was indicted by a Jackson County Grand Jury on one count of operating or attempting to operate a clandestine drug lab, one count of manufacturing a controlled substance, and three counts of possession of child pornography. On May 16, 2006, petitioner entered a "*Kennedy/Alford*" [1] guilty plea to the offense of operating a clandestine drug lab and two counts of possession of child pornography. The State dismissed the remaining charges.

The charges stemmed from a search of petitioner's home conducted by law enforcement after an explosion in petitioner's garage. Petitioner shared his home with his mother and one of his daughters.  Law enforcement determined that several of the items in petitioner's garage were consistent with the manufacture of methamphetamine. After discovering these items, deputies obtained a search warrant and conducted a search of petitioner's home. Deputies discovered several pictures of child pornography, printed from a computer, in one of the bedrooms of the home. Petitioner denied that he used the room in which the pornography was found.

In exchange for his plea of guilty, the State agreed to dismiss the remaining charges and

---

[1] *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987); *North Carolina v. Alford*, 400 U.S. 25 (1970).

1

to stand silent at petitioner's sentencing hearing. Prior to entering his plea of guilty, petitioner completed a form entitled "Defendant's Statement in Support of Guilty Plea." This form was filled out by his attorney and signed by petitioner. On June 30, 2006, petitioner was sentenced by the circuit court. The court heard testimony from several witnesses. Although the State agreed to remain silent, the prosecuting attorney made a statement to the court, asserting that she would like to clarify prior "untruthful" statements made by petitioner. [2] Petitioner's counsel did not object to these statements. Petitioner received a statutory sentence of not less than two nor more than ten years in the penitentiary for his conviction of operating a clandestine drug lab; and two years in the penitentiary for each of his convictions for possession of child pornography. The circuit court ordered that petitioner's sentences for child pornography were to be served concurrently with one another and consecutive to his sentence for operating a clandestine drug lab. Petitioner is also required to register for life as a sex offender.

On March 13, 2008, petitioner filed a petition for writ of habeas corpus. On April 24, 2007, this Court issued a rule ordering the Circuit Court of Jackson County to appoint counsel for petitioner, which the circuit court did. Petitioner discharged his sentence of incarceration on April 14, 2012. At the time of his release, no habeas corpus petition had been filed on his behalf. On September 12, 2012, petitioner filed a Petition for Writ of Habeas Corpus/or in the alternative Coram Nobis. Petitioner asserted that he was threatened into pleading guilty by his counsel and by law enforcement, and that his trial counsel was ineffective because he failed to object to inappropriate comments from the prosecuting attorney. On August 21, 2013, a special prosecuting attorney filed a response to the petition. Without a hearing, on July 27, 2015, the circuit court entered an order denying petitioner's requested relief.

In the circuit court's July 27, 2015, order, the circuit court determined that petitioner was

---

[2] Petitioner complains of the following comments by the prosecuting attorney,

Your honor, the State was to remain silent for the plea agreement, but the State is also allowed to comment on the defendant's truthfulness, and I would like to do that. In the pre-sentence report Mr. Keefer says that he basically indicates that he wasn't guilty of either one of these things he pled guilty to, especially the child pornography. He said at pre-sentence he would never have that on his mother's property.

I believe the evidence would disagree with Mr. Keefer on this. The child pornography was found in three different places. All three places were in his room, his bedroom. One was in a boot box, it was in an milk crate in his room, so the child pornography was a printout from the computer. It wasn't – like a home computer, he printed it out. . . .

Also as I was preparing for trial I went to look at these photographs and in the group that was numerous that was found between the box springs and the mattress, there was a photograph, just a normal, like a head shot of a photograph from graduation of high school of his daughter stuck in among all these other photographs. . . . I don't believe he was truthful to the Court.

2

entitled to review of his petition for writ of coram nobis, but concluded that it had no guidance as to how to evaluate that claim. The circuit court analyzed the petition as though it were a petition for habeas corpus, applying West Virginia Code § 53-4A-1 through -3, and Syl. Pt. 4, of *State ex rel. McMannis v. Mohn*, 163 W.Va. 129, 254 S.E.2d 805 (1979), which holds, "[a] habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed." The circuit court also found that petitioner's claims had not been waived or adjudicated. W.Va. Code § 53-4A-1; *Mohn*, 163 W.Va. at 130, 254 S.E.2d at 806.

The circuit court then evaluated petitioner's constitutional claims, and found that there was no evidence in the record that petitioner was threatened or coerced into taking the plea; that any inappropriate comments made by the prosecuting attorney were harmless error, and that petitioner did not present any evidence that his counsel's performance was deficient. Petitioner now appeals the circuit court's July 27, 2015, order that applied habeas corpus jurisprudence to his coram nobis claim, and asks that this Court remand this matter so that the circuit court can conduct the proper analysis of petitioner's claims.

In reviewing petitioner's challenge to the findings and conclusions of the circuit court, we apply the following standard of review:

> [w]e review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review."

*State v. Hutton*, 235 W.Va. 724, 727, 776 S.E.2d 621, 624 (2015).

Petitioner asserts that his petition for coram nobis was improperly denied, in part, because the circuit court reviewed his claim as though it were a petition for a writ of habeas corpus, rather than a petition for a writ of coram nobis. Petitioner argues that had the lower court applied the correct standard, petitioner's claim for writ of coram nobis would have succeeded. The circuit court held that due to the fact that petitioner was no longer incarcerated, he was not entitled to habeas corpus relief, but also held that petitioner was not entitled to coram nobis relief because petitioner failed to prove he was denied a constitutional right. We agree with the circuit court and find that there was no error in denying his petition, even though the circuit court applied the habeas corpus standard of review to petitioner's claim.[3]

As we will demonstrate, had the circuit court applied the test developed by this Court in *Hutton*, the outcome would be the same. "Coram nobis is of limited scope and is sometimes the proper vehicle for vindicating constitutional rights." Franklin D. Cleckley, *Handbook on West Virginia Criminal Procedure* 508 (2nd ed.,1993). Further,

---

[3] In order to successfully plead his habeas corpus claim, petitioner was required to prove that the alleged errors violated his rights under the Constitution. "A habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed." Syl. Pt. 4, *Mohn*.

3

a claim of legal error may be brought in a petition for a writ of error coram nobis only in extraordinary circumstances and if the petitioner shows that (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) there exists a substantial adverse consequence from the conviction; and (4) the error presents a denial of a fundamental constitutional right.

*Hutton*, 235 W.Va. at 742, 776 S.E.2d at 639.

Petitioner claims as an assignment of error that he was denied effective assistance of counsel in violation of article III, sec 16 of the Constitution of West Virginia and the Sixth Amendment of the United States Constitution because (1) his counsel did not object to improper statements made by the prosecuting attorney at petitioner's sentencing; and (2) his trial counsel and law enforcement threatened him in order to obtain his plea of guilty.[4] We will address each issue separately.

Petitioner first asserts that counsel was ineffective because he failed to object to certain statements made by the prosecuting attorney at sentencing, when the plea agreement stated that the State was to remain silent at his sentencing. According to petitioner the States' failure to remain silent resulted in his incarceration.[5] Petitioner asserts that because he entered a guilty plea pursuant to *Kennedy*, the State was on notice that petitioner would deny guilt, and, therefore, improperly commented on petitioner's failure to be "completely truthful" with the court regarding his denial of responsibility for the items found in his mother's home. *See Kennedy*, 178 W.Va. at 10, 357 S.E.2d at 43.

In this proceeding, we need only focus upon the fourth element of our test for legal error in a coram nobis proceeding—whether the error denies a fundamental constitutional right. *See Hutton*, 235 W.Va. at 742, 776 S.E.2d at 639. With respect to ineffective assistance of counsel, we have held,

> [i]n the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's

---

[4] Petitioner also asserts that he was not afforded the opportunity to review a form prepared by his counsel, "Statement In Support of Guilty Plea," that the circuit court required him to complete prior to taking his plea of guilty. However, petitioner failed to raise this issue below, and we decline to address petitioner's argument regarding this form. "[E]rrors assigned for the first time in an appellate court will not be regarded in any matter of which the trial court had jurisdiction or which might have been remedied in the trial court if objected there." Syl. Pt. 17, in part, *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974).

[5] *See United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004) ("Our court has held that ineffective assistance of counsel, if proven, can be grounds for *coram nobis* relief."); *Kovacs v. United States*, 744 F.3d 44, 54 (2d Cir. 2014) ("For these reasons, Kovacs has established his claim of ineffective assistance of counsel and satisfies the requirements for *coram nobis* relief.")

4

performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

The circuit court found that the State fulfilled its obligations as contained in the plea agreement, as a term in the agreement allowed the State to comment on petitioner's truthfulness. We agree. The plea agreement states,

[a]t final disposition, the State of West Virginia will advise the Circuit Court of Jackson County of the nature and extent of the Defendant's forthrightness and truthfulness, or the failure on the part of the defendant to be forthright and truthful and ask the Court to give such weight thereto as the Court deems appropriate.

Thus, it is clear that the State reserved the right to speak if the defendant was not being truthful. It is equally clear, that defense counsel did not object to the comments because the plea agreement permitted the comments.[6]

Assuming arguendo, that an objection had been made, the circuit court found that the statements by the prosecuting attorney had little to no effect on the sentencing court's decision. In imposing sentence the circuit court took note of petitioner's criminal and substance abuse history and announced,

[a]gain, you know, we go back to what the charges are, the methamphetamine charge. This man pleaded guilty to attempting to operate a clandestine drug lab to manufacture methamphetamine, yet he denies it in his guilty plea. The methamphetamine problem in this community, everybody knows what it is and the seriousness of it. Suffice it to say, it's an extremely serious charge.

In my estimation to possess materials depicting minors in sexually explicit conduct is equally serious because it perpetuates the trade, if you will, or it increases the likelihood that children will be abused in this trade, the sexually explicit conduct trade materials and photographs and the like. Our legislature has made both of these charges very serious.

Accordingly, we find that there is not a reasonable probability that if petitioner's counsel objected to the statements of the prosecuting attorney that the outcome of this matter would be different. Therefore, we decline to reverse on this ground.

Next, petitioner claims that he was threatened by his trial counsel and by law enforcement, and that those threats induced his plea of guilty. The circuit court found, and we agree, that there is no evidence in the record to suggest that petitioner's plea of guilty was not

---

[6] *See State v. Wilson*, No. 15-0578, ___W.Va. ___, ___S.E.2d ___ 2016 WL 3166314 (W.Va. June 2, 2016).

voluntary. In order to enter his guilty plea, petitioner was required to complete a "Statement in Support of Guilty Plea," which consists of seventy-five questions. In that statement, petitioner indicated that his plea was voluntarily and freely made, that he had no additional evidence to assert in order to establish that he was not guilty of the offense, that he was not persuaded, led, or induced to enter this plea, and that he was pleading guilty of his own free will. The record reflects that at the time of petitioner's plea of guilty, the circuit court reviewed all of petitioner's rights, and petitioner asserted that he understood his rights and that he was satisfied with counsel. Importantly, the court inquired of petitioner:

> Circuit Court: Okay. Has anyone promised you a lenient sentence or made any promise to you, other than what's in this plea agreement, to induce or cause you to plead guilty against your free will?
>
> Petitioner: No.
>
> Circuit Court: Anybody threaten you in any way to get you to plead guilty here?
>
> Petitioner: No.
>
> Circuit Court: Did anybody apply pressure or coercion or intimidation against you that has caused you or induced you to come here this morning to plead guilty to these three charges?
>
> Petitioner: No. Sir.

In light of the record before us, we find that petitioner's assertion lacks merit. Accordingly, we find that there is no evidence that petitioner's counsel was ineffective, and decline to overturn the decision of the circuit court on that ground.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 17, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

6