# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-31266
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 7, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GARLAND D. MILLER,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:07-CR-50032-1

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Garland Miller, former federal prisoner # 13658-035, appeals the district court's denial of the petition for a writ of coram nobis that he filed with respect to his 2008 convictions for tax evasion. He raises claims related to his restitution order, indictment, and the denial of his motion to suppress evidence.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-31266

We review the district court's "factual findings for clear error, questions of law de novo, and the district court's ultimate decision to deny the writ [of coram nobis] for abuse of discretion." *Santos-Sanchez v. United States*, 548 F.3d 327, 330 (5th Cir. 2008), *vacated on other grounds by* 559 U.S. 1046, (2010). This court's "review is limited by the presumption of correctness of prior proceedings and the narrow range of claims cognizable in granting the" writ of coram nobis. *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998).

Miller has failed to show that the district court abused its discretion by denying his petition. A writ of coram nobis is not a substitute for an appeal and will issue only if there is no other remedy available. *See id.* at 422. "[A] petitioner seeking coram nobis must exercise reasonable diligence in seeking prompt relief." *Id.* at 427 (internal quotation marks and citations omitted). Miller has failed to provide sound reasons for failing to seek appropriate relief earlier with respect to his claims challenging his restitution order and indictment. *See id.* at 422. Additionally, Miller's Fourth Amendment claim was previously addressed and denied in his 28 U.S.C. § 2255 motion. *See United States v. Esogube*, 357 F.3d 532, 535 (5th Cir. 2004). Miller abandons any challenge to the district court's decision concerning Federal Rule of Civil Procedure 60(b) by failing to address the district court's holding that Rule 60(b) is not cognizable in the instant proceeding. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Accordingly, the district court judgement is AFFIRMED and any outstanding motions are DENIED.