# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30819
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MOHAMED ADMED HASSAN ABDALLAH OMRAN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:14-CR-35-1

Before DAVIS, COSTA, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Mohamed Admed Hassan Abdallah Omran, former federal prisoner # 12752-049 and immigration detainee # A079 680 001, appeals the district court's denial of his motion for a writ of coram nobis challenging his conviction of two counts of failure to depart the United States pursuant to an order of removal. *See* 8 U.S.C. § 1253(a)(1)(C). We review the district court's ultimate decision to deny coram nobis relief for abuse of discretion. *Santos-Sanchez v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30819

*United States*, 548 F.3d 327, 330 (5th Cir. 2008), *vacated on other grounds*, 559 U.S. 1046 (2010).

Omran raises a number of issues regarding his trial for which he previously sought relief on direct appeal; they cannot form the basis for coram nobis relief. *See United States v. Esogbue*, 357 F.3d 532, 535 (5th Cir. 2004). Additionally, he argues that the trial court violated his constitutional rights by denying his motion to subpoena witnesses regarding certain New Hampshire criminal charges, by failing to enforce certain unidentified subpoenas, and by failing to consider Omran's proposed jury instructions. Although Omran knew of the district court's actions at the time of trial and thus could have raised these claims in his direct appeal or a 28 U.S.C. § 2255 motion, he did not do so. Further, he fails to provide a reason for failing to do so or to explain why no other remedy was available. Accordingly, coram nobis relief is not appropriate as to these claims. *See Esogbue*, 357 F.3d at 535; *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998). Similarly, Omran fails to explain why he did not previously raise the claim he raises here that his ex parte response to a district court order constituted a motion pursuant to 8 U.S.C. § 1252(b)(7)(A) challenging the order of removal underlying the criminal charges in the instant matter. *See Dyer*, 136 F.3d at 427. Omran knew of the claim at the time when he filed the ex parte response which he now asserts constituted his § 1252(b)(7)(A) motion challenging to the underlying removal order, making coram nobis relief unavailable. *See, e.g., Esogbue*, 357 F.3d at 535; *Dyer*, 136 F.3d at 422.

Omran also challenges various unidentified courts' rejections of his various unidentified civil suits and efforts for injunctions, as well as our decision on direct appeal. A coram nobis proceeding is not the proper forum in which to challenge the decisions of district courts in unrelated civil actions or

this court's decision in his direct appeal.  *See Esogbue*, 357 F.3d at 534; *Dyer*, 136 F.3d at 422.

In light of the foregoing, Omran has failed to show that the district court abused its discretion in denying his writ of coram nobis.  *See Santos-Sanchez*, 548 F.3d at 330.  The judgment of the district court denying Omran's motion for a writ of coram nobis is AFFIRMED.