# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11127
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 13, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHARLES CLEVELAND NOWDEN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CR-34-1

Before BENAVIDES, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Charles Cleveland Nowden, former federal prisoner # 29172-077 and current Texas prisoner # 01780278, was convicted in 2001 of possessing contraband cigarettes and being a felon in possession of a firearm, and he was sentenced to concurrent 16-month terms of imprisonment. He appeals the district court's denial of his petition for a writ of coram nobis, which he filed seeking to vacate and set aside his convictions and sentences.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11127

Nowden reiterates the arguments raised and rejected in his 28 U.S.C. § 2255 motion and also argues that the cigarettes did not travel in interstate commerce when he stole them, which seems to expand on the argument raised in his § 2255 motion that the cigarettes were not contraband.  He provides no reasons for his failure to raise this latter claim in his § 2255 motion or explain why no other remedy was available.  Nowden is not entitled to coram nobis relief if he merely regurgitates the claims he already raised in his § 2255 motion or raises claims that could have been raised in that motion.  *See United States v. Esogbue*, 357 F.3d 532, 535 (5th Cir. 2004).  Accordingly, Nowden has not shown that the district court abused its discretion in denying his petition for a writ of coram nobis.  *See Santos-Sanchez v. United States*, 548 F.3d 327, 330 (5th Cir. 2008), *vacated on other grounds*, 559 U.S. 1046 (2010).  The district court's judgment is AFFIRMED.