# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10856
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 20, 2019

Lyle W. Cayce
Clerk

CHARLES C. NOWDEN,

> Petitioner-Appellant

v.

UNITED STATES OF AMERICA,

> Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CV-392

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Charles C. Nowden, former federal prisoner # 29172-077 and current Texas prisoner # 01780278, appeals the denial of his writ of error coram nobis where he sought to challenge the validity of his 1996 guilty-plea conviction of bank fraud and aiding and abetting. He argues that he is suffering lingering civil disabilities from his 1996 federal conviction and that his 1996 federal conviction resulted from ineffective assistance of counsel. Specifically, he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10856

contends that counsel failed to investigate the facts or conduct discovery, failed to research the law, and failed to give competent legal advice and properly advise him of the elements of the offense.  Further, he argues that the Government suppressed evidence showing that he was not involved in the offense.  Nowden has filed a motion to supplement his brief, arguing that the indictment failed to establish federal jurisdiction.  The motion to supplement his appellate brief is granted.

In reviewing the denial of a writ of error coram nobis, this court reviews the district court's "factual findings for clear error, questions of law de novo, and the district court's ultimate decision to deny the writ for abuse of discretion." *Santos-Sanchez v. United States*, 548 F.3d 327, 330 (5th Cir. 2008), *vacated on other grounds*, 559 U.S. 1046 (2010).  "The writ of coram nobis is an extraordinary remedy" that may be used by "a petitioner no longer in custody who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the conviction, and that the challenged error is of sufficient magnitude to justify the extraordinary relief." *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004) (internal quotation marks and citation omitted).  The writ is not a substitute for an appeal and "will issue only when no other remedy is available and when sound reasons exist for failure to seek appropriate earlier relief." *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998) (internal quotation marks, alteration, and citation omitted).

Nowden's arguments before this court consist of claims that he could have raised in his initial 28 U.S.C. § 2255 motion.  As such, he is not entitled to coram nobis relief.  *See Esogbue*, 357 F.3d at 535.  Furthermore, Nowden has not provided this court with sound reasons justifying his failure to seek appropriate relief earlier.  *See Dyer*, 136 F.3d at 422.  Because Nowden has not

No. 18-10856

demonstrated that the district court abused its discretion by denying his writ of error coram nobis, *see Santos-Sanchez*, 548 F.3d at 330, the judgment of the district court is affirmed.

AFFIRMED.  MOTION TO SUPPLEMENT GRANTED.