# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 29, 2019

Lyle W. Cayce
Clerk

No. 18-20800
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

EUGENE H. WILLIAMS, JR.,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-1912

Before OWEN, SOUTHWICK, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Eugene H. Williams, Jr., former federal prisoner # 66170-179, appeals the denial of his writ of error coram nobis wherein he sought to challenge his conviction for three counts of possession of a firearm not registered to him, one count of possession of an unlawfully transferred firearm, one count of possession of a firearm not identified by serial number, and one count of unlawful storage of explosive materials. Williams argues that he is actually

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

innocent of the charges and that his conviction results in a complete miscarriage of justice. Specifically, he contends that the devices he was found to possess do not constitute destructive devices or firearms under the National Firearms Act. He also asserts that counsel was ineffective for failing to raise this issue at trial in the form of an affirmative defense or by requesting a jury instruction. Finally, Williams argues that the Government failed to prove the requisite mens rea.

In reviewing the denial of a writ of error coram nobis, we review the district court's "factual findings for clear error, questions of law de novo, and the district court's ultimate decision to deny the writ for abuse of discretion." *Santos–Sanchez v. United States*, 548 F.3d 327, 330 (5th Cir. 2008), *vacated on other grounds*, 559 U.S. 1046 (2010). "The writ of coram nobis is an extraordinary remedy" that may be used by "a petitioner no longer in custody who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the conviction, and that the challenged error is of sufficient magnitude to justify the extraordinary relief." *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004) (quoting *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996)). The writ is not a substitute for an appeal and "will issue only when no other remedy is available and when 'sound reasons exist[] for failure to seek appropriate earlier relief.'" *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998) (quoting *United States v. Morgan*, 346 U.S. 502, 512 (1954)).

Williams's arguments consist of claims that he could have raised in his initial 28 U.S.C. § 2255 motion. As such, he is not entitled to coram nobis relief. *See Esogbue*, 357 F.3d at 535. Furthermore, Williams has not provided this court with sound reasons justifying his failure to seek appropriate relief earlier. *See Dyer*, 136 F.3d at 422. The inability to satisfy the requirements

No. 18-20800

for filing a successive § 2255 motion is not a sound reason for failing to seek relief earlier. *Esogbue*, 357 F.3d at 535. Because Williams has not demonstrated that the district court abused its discretion by denying his writ of error coram nobis, *see Santos–Sanchez*, 548 F.3d at 330, the judgment of the district court is AFFIRMED.