# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 9, 2022

Lyle W. Cayce
Clerk

No. 21-20573

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

HOWARD GRANT,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-3296

Before SMITH, HIGGINSON, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Howard Grant, former federal prisoner # 43671-279, was convicted by jury in 2010 of conspiracy to commit health care fraud and two counts of aiding and abetting health care fraud. He seeks a certificate of appealability (COA) to appeal the district court's dismissal of his Federal Rule of Civil Procedure 60(b) motion as a successive and unauthorized 28 U.S.C. § 2255

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

motion.    Because, as discussed below, the district court should have construed the motion as a petition for a writ of coram nobis, and as the denial of coram nobis relief is not a final order in a § 2255 proceeding, *see* 28 U.S.C. § 2253(c)(1)(B), we DENY a COA as UNNECESSARY.

A person seeking habeas relief must be in custody at the time relief is sought. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *see also United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004).   A person who is no longer in custody may not obtain § 2255 relief, either in an original or successive motion. *Esogbue*, 357 F.3d at 534.  Accordingly, the district court should have construed Grant's motion as a petition for writ of coram nobis rather than an unauthorized successive § 2255 motion.  *See id*.   We nevertheless decline to remand because Grant's allegations do not support coram nobis relief,  *see id*. at 534-35,  and we AFFIRM the judgment on that alternative ground.