# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-50090
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
February 15, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Omar Jose Calzada,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CV-610

_____

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Omar Jose Calzada, former federal prisoner # 99850-280, pleaded guilty to conspiracy to manufacture more than 100 marijuana plants. He now appeals the district court's denial of his petition for a writ of coram nobis. Calzada argues that (1) the district court erred by finding that the search warrant and affidavit were properly authenticated, (2) the Government

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50090

engaged in fraud upon the court by failing to submit a valid state warrant at the motion to suppress hearing, and (3) the trial court did not have jurisdiction in his case because the state did not transfer custody of Calzada to the federal government. This court reviews the district court's "factual findings for clear error, questions of law de novo, and the district court's ultimate decision to deny the writ [of coram nobis] for abuse of discretion." *Santos-Sanchez v. United States*, 548 F.3d 327, 330 (5th Cir. 2008), *vacated on other grounds*, 559 U.S. 1046 (2010).

Calzada did not allege in his district court pleadings that the trial court did not have jurisdiction because the state did not transfer Calzada's custody to the federal government. We will not consider this argument for the first time on appeal. *See Rener v. United States*, 475 F.2d 125, 127 (5th Cir. 1973). As for Calzada's remaining claims, he fails to show that sound reasons exist for his failure to seek appropriate earlier relief. *See United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998). Facts giving rise to his claims of search warrant authenticity and the Government's alleged act of fraud upon the court were discoverable at the time of his suppression hearing in 2013, and thus could have been raised at the suppression hearing, on direct appeal, or in a timely 28 U.S.C. § 2255 motion. *See United States v. Esogbue*, 357 F.3d 532, 535 (5th Cir. 2004). Because his independent "audit" was unnecessary to bring the aforementioned claims and it resulted in the filing of criminal harassment charges against him, it is not a sound reason for failing to seek appropriate earlier relief. *See Dyer*, 136 F.3d at 422. As he has failed to make the necessary showing of a complete miscarriage of justice, the district court did not abuse its discretion by denying his petition for a writ of coram nobis. *See Esogbue*, 357 F.3d at 535.

The judgment of the district court is AFFIRMED.

2