# United States Court of Appeals
# for the Fifth Circuit

—————————

No. 23-10709
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**

February 7, 2024

Lyle W. Cayce
Clerk

KAREN E. TUCKER,

*Plaintiff—Appellant*,

*versus*

UNITED STATES OF AMERICA; SECRETARY AGENCY OF HEALTH AND HUMAN SERVICES, UNITED STATES OF AMERICA,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CV-810

_____

Before HAYNES, WILLETT, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

Karen E. Tucker moves to proceed in forma pauperis (IFP) on appeal from the judgment denying her petition for a writ of error coram nobis under 28 U.S.C. § 1651 and dismissing her various other civil claims. Through her motion, Tucker challenges the district court's determination that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir.

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

1997). Our inquiry, therefore, "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

Besides challenging the denial of coram nobis relief, Tucker asserts only that the district court erred by dismissing a civil rights claim alleging a conspiracy to convict her. Accordingly, she has abandoned any challenge to the dismissal of her other civil claims. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Tucker offers no cogent explanation how any of the purportedly new evidence upon which she relies supports her conclusory claims for coram nobis relief. *See Coleman v. Lincoln Par. Det. Ctr.,* 858 F.3d 307, 309 (5th Cir. 2017) (observing that pro se litigant's "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to state a claim for relief" (internal quotation marks and citation omitted)). Fundamentally, as the district court concluded, she repeats the same claims of ineffective assistance of counsel and actual innocence that she previously raised in her 28 U.S.C. § 2255 motion and her first petition for a writ of error coram nobis. *See United States v. Esogbue*, 357 F.3d 532, 535 (5th Cir. 2004) (holding that petitioner fails to show complete miscarriage of justice, as is necessary to receive coram nobis relief, by repeating claims previously presented, or that reasonably could have been raised, in § 2255 motion).

Further, even if Tucker raised in the district court her instant claim that several individuals conspired to convict her, her allegations are bare conclusions supported by nothing more than unadorned speculation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Because she has not shown that her appeal involves a nonfrivolous issue, her motions to proceed IFP and for

No. 23-10709

appointment of counsel are DENIED, and her appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24.; 5TH CIR. R. 42.2.