# United States Court of Appeals for the Fifth Circuit

---

No. 23-50895
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

October 16, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE MIGUEL MARTINEZ,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:06-CR-649-1

---

Before DAVIS, SMITH, and HIGGINSON, *Circuit Judges*.

PER CURIAM:*

Jose Miguel Martinez, former prisoner # 82797-180 and citizen of Mexico, appeals the denial of his petition for a writ of error coram nobis challenging his 2010 conviction for possession with intent to distribute cocaine, a violation of 21 U.S.C. § 841(a)(1). He argues that he committed the offense of conviction under duress and that he therefore is not culpable

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

for the offense.  He also argues that he was coerced into pleading guilty in 2010 due to threats from counsel and due to his own desire, based on a lack of medical and mental-health care, to be released from the detention facility where he was being held.

"The writ of coram nobis is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate" that he suffers civil disabilities as a consequence of the conviction and that "the challenged error is of sufficient magnitude to justify the extraordinary relief." *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004) (internal quotation marks and citation omitted).  "[C]ourts must be cautious so that the extraordinary remedy of *coram nobis* issues only in extreme cases." *United States v. Denedo*, 556 U.S. 904, 916 (2009).  Coram nobis relief will be granted to correct only fundamental errors that result in a complete miscarriage of justice.  *United States v. Dyer*, 136 F.3d 417, 422, 430 (5th Cir. 1998).

The district court determined that Martinez completed his sentence and is no longer in custody and that, as a consequence of his conviction, he suffers a civil disability with respect to his ability to return to the United States.  The court nevertheless denied relief, determining that Martinez did not show that the errors he alleged were of sufficient magnitude to justify the extraordinary relief he sought.  Having carefully reviewed this case, we conclude that the district court did not abuse its discretion in denying relief. *See Santos-Sanchez v. United States*, 548 F.3d 327, 330 (5th Cir. 2008), *vacated on other grounds*, 559 U.S. 1046 (2010); *Dyer*, 136 F.3d at 422, 430.

Accordingly, the judgment of the district court is AFFIRMED.