# United States Court of Appeals for the Fifth Circuit

---

No. 24-20442
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

May 14, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

HOWARD GRANT,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-424-3

---

Before RICHMAN, DOUGLAS, and RAMIREZ, *Circuit Judges*.

PER CURIAM:*

Howard Grant, former federal prisoner # 43671-279, was convicted by a jury in 2010 of conspiracy to commit health care fraud and two counts of aiding and abetting health care fraud. Grant appeals the denial of his petition for a writ of coram nobis wherein he sought to challenge those convictions.

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-20442

Grant asserts that he was denied the right to confrontation and that a fraud on the court was committed when out-of-court statements of supposed coconspirators were elicited through the trial testimony of other witnesses. Further, he asserts that the introduction of the out-of-court statements of his alleged coconspirators violated *Bruton v. United States*, 391 U.S. 123 (1968). To the extent that he presented other claims in his petition, he has abandoned them by not asserting them on appeal. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

The basis for the instant claims would have been known and available to Grant no later than the end of his trial. Accordingly, his claims reasonably could have been asserted in his initial 28 U.S.C. § 2255 application. As such, he is not entitled to coram nobis relief. *See United States v. Esogbue*, 357 F.3d 532, 535 (5th Cir. 2004). Further, Grant has not offered sound reasons justifying his failure to pursue appropriate relief earlier. *See United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998). The presentation of arguments that could have been raised earlier otherwise does not amount to the necessary showing of a complete miscarriage of justice. *See Esogbue*, 357 F.3d at 535. To the extent that Grant claims that the standard set forth in *Esogbue* is inapposite and must be reconsidered, his argument is unavailing. *See Bonvillian Marine Serv., Inc. v. Pellegrin* (*In re Bonvillian Marine Serv., Inc.*), 19 F.4th 787, 792 (5th Cir. 2021); *Esogbue*, 357 F.3d at 535.

Grant has not shown that the district court abused its discretion by denying his petition for a writ of coram nobis. *See Santos-Sanchez v. United States*, 548 F.3d 327, 330 (5th Cir. 2008), *vacated on other grounds*, 559 U.S. 1046 (2010). The judgment of the district court is AFFIRMED.

We have previously warned Grant that filing frivolous, repetitive, or otherwise abusive filings would invite the imposition of sanctions, and we have imposed sanctions. *United States v. Grant*, No. 22-20447, 2023 WL

2

No. 24-20442

3116443, at *1 (5th Cir. Apr. 27, 2023) (per curiam); *United States v. Grant*, 740 F. App'x 412, 412-13 (5th Cir. 2018) (per curiam).  The warnings and sanctions have not deterred Grant.  Therefore, a SANCTION IS IMPOSED.  Grant is ORDERED to pay a monetary sanction in the amount of $700, payable to the clerk of this court.  He is BARRED from filing, in this court or any court subject to this court's jurisdiction, any challenge to his convictions or sentences until the sanction is paid in full unless he first obtains leave of the court in which he seeks to file such a challenge.  Grant is also WARNED that the further filing of frivolous, repetitive, or otherwise abusive challenges to his convictions or sentences in this court or any court subject to this court's jurisdiction will subject him to additional and progressively more severe sanctions.  *See In re Lampton*, 667 F.3d 585, 590 (5th Cir. 2012).